UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BORIS STAVROFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-127 AS |
| | ) | |
| MIDLAND CREDIT MANAGEMENT | ) | |
| INC. and MIDLAND RECEIVABLES | ) | |
| 99-1 CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND SCHEDULING ORDER**

In accordance with Fed. R. Civ. P. 26(f), a meeting was held on June 7, 2005. Plaintiff was represented by Derek Rieman and Defendants were represented by David M. Schultz. For the following reasons, this Court **STAYS** the issue of class certification. This Court now **GRANTS** Defendants' motion to bifurcate [Doc. No. 15]. Parties may proceed on the issue of liability to determine whether Plaintiff's claim has any merit.

**I.   RELEVANT BACKGROUND**

Plaintiff filed his complaint on March 2, 2005, alleging that Defendants had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. On May 4, 2005, Defendants filed a motion to bifurcate discovery or, in the alternative, to stay class certification. Defendants' motion requests that this Court bifurcate discovery so that parties may conduct staged discovery regarding the merits of the case before conducting discovery on the issue of class certification. On June 7, 2005, this Court conducted a Fed. R. Civ. P. 16(b) preliminary pretrial conference. This Court may rule on Defendants' motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.    APPLICABLE LAW AND ANALYSIS**

Whether to bifurcate discovery is a matter left to the discretion of the trial court. <u>Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.</u>, 2004 WL 609326, *2 (N.D. Ill. 2004) (stating that the court has inherent power to control its docket and separate issues in the interest of expedition). The timing of class certification is governed by Fed. R. Civ. P. 23(c)(1)(A) which states that "when a person sues or is sued as a representative of a class, the court must-at an early practicable time-determine by order whether to certify the action as a class action."

In <u>Chavez v. Ill. State Police</u>, 251 F.3d 612, 630 (7th Cir. 2001), the court held that "in most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits, as indicated by the text of Rule 23." The court stated that this is the preferred policy because class certification does not depend on the outcome of the suit. <u>Id</u>. However, the court then stated:

> If "as soon as practicable" occurs after a case is already "ripe for summary judgment" then it might be proper for a judge to consider a motion for summary judgment prior to considering a motion for class certification. Where this situation occurs, if the court determines that the named plaintiffs' claims lack merit, such a decision "ordinarily, though not invariably, ... disqualifies the named plaintiffs as proper class representatives," thus resolving the issue of class certification.

<u>Id.</u> (citing <u>Cowen v. Bank United</u>, 70 F.3d 937 (7th Cir. 1995)). In 2003, an amendment changed the language in Rule 23 from "as soon as practicable" to "an early practicable time." While there has not been a Seventh Circuit case addressing the amendment, the 2003 Advisory Committee Notes state that "a party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Thus, it appears that if deciding the merits would help to determine

2

whether the certification is proper based upon the claims of the named representative, bifurcation may be proper.

Defendants request that this Court bifurcate discovery so that the parties may address the merits of the case before determining the class certification issue because this approach would prevent unnecessary expenses and is more efficient.  This is not the first time this issue has come before this Court.  Rather, this is the fourth case in the past two months in which the defendant in a potential class action lawsuit has filed a motion to bifurcate in a Fair Debt Collection Practices Act case.   In the other three cases, <u>Sheets v. G.G. Services, Inc. et al.</u>, Cause No. 3:04-cv-670 AS,  <u>Sheets v. AID Associates, Inc., et al.</u>, Cause No. 3:04-cv-706 RM, and <u>Sheets v. National Action Financial Services, Inc., et al.</u>, Cause No. 3:04-cv-676 RM, this Court granted the defendants' motions to bifurcate discovery, finding that doing so was in accordance with Fed. R. Civ. P. 1 which requires the rules to be "construed and administered to secure the just, speedy, and inexpensive determination of every action."

Like the plaintiffs in the previous cases, Plaintiff asserts that bifurcation of this case is not appropriate because an Illinois court has already granted class certification based upon a collection letter similar to the one in question, and expensive surveys must be completed in order for Plaintiff to survive summary judgment.  Plaintiff also asserts that the discovery concerning the merits are not easily distinguishable from class certification issues and that class certification discovery is needed in order to determine whether settlement is appropriate.

In support of her objection, Plaintiff states that an Illinois district court case granted class certification based upon a collection letter similar to the one at issue in this case.  While in certain circumstances the trends from other district courts in this Circuit might be persuasive,

3

this Court has previously held that bifurcation in these cases is the appropriate way to proceed. Absent language from the Seventh Circuit, or a compelling argument from Plaintiff on why this case is not similar to the prior three, this Court is unwilling to depart from its prior orders based upon a district case from Illinois, especially when Defendant cites to a Southern District of Indiana case where the court allowed bifurcation in a similar situation.

Attempting to establish that the Seventh Circuit has provided guidance on this issue since this Court issued its prior opinions, Plaintiff cites Durkin v. Equifax Check Services, Inc., 406 F.3d 410 (7th Cir. 2005) to suggest that the Seventh Circuit "strongly counsels against bifurcating discovery in this case." (Pl. Resp. pg. 4).  While Durkin addresses what evidence a plaintiff must produce to survive summary judgment, Durkin does not address the issue of whether bifurcation is appropriate.  The fact that Plaintiff might have to undergo expensive discovery to survive summary judgment on the merits does not demonstrate that it is inefficient to bifurcate this case.  Rather, it illustrates that the merits should be addressed first because if Plaintiff cannot prove the merits of his case, then valuable time and resources will be exhausted in trying to resolve the class certification issue.

Finally, Plaintiff suggests that the discovery for certification issues and liability issues are difficult to separate.  Further, Plaintiff states that some discovery on certification is needed so that parties will have a better understanding of the potential value of this case, which may lead to a quicker settlement.  While, this Court does not disagree with Plaintiff's contentions that this case may be worth substantially more if it was certified as a class action, this factor alone does not persuade this Court that it is less efficient to proceed with the merits of this case.

Therefore, upon reviewing Plaintiff's arguments against bifurcation, this Court is not convinced that this case should deviate from the course established by this Court's orders in the previous three cases.  Consequently, Defendants' motion to bifurcate [Doc. No. 15] is **GRANTED**.  Parties shall first address the merits of Plaintiff's case.  The issue of class certification is **STAYED** until a resolution of the liability phase.

**III.    SCHEDULING ORDER**

Because this Court has bifurcated discovery the following scheduling order only governs the **liability phase** of this case.

1. Pre-Discovery Disclosures. The parties will exchange by **July 7, 2005,** the information required by Fed. R. Civ. P. 26(a)(1).

2. Discovery Plan. The parties jointly propose to the court the following discovery plan:

The last date for the completion of discovery is **October 7, 2005**.

Maximum of 30 interrogatories by each party to any other party.

Maximum of 30 requests for admission by each party to any other party.

Maximum of 5 depositions.

Each deposition limited to maximum of 3 hours unless extended by agreement of parties.

The filing of reports from retained experts under Rule 26(a)(2) due:

   from plaintiff by **August 7, 2005.**

   from defendant by **September 7, 2005.**

Any evidentiary objections to another party's expert witness, whether directed to the

witness's qualifications or to the foundation for the anticipated testimony, shall be filed **November 15, 2005.** Failure to file such objections is waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent.

Supplementation under Rule 26(e) due every **six weeks** until trial.

3. Other Items.

The last date for the parties to amend the pleadings without leave of court is **July 7, 2005.** Thereafter, any amendments to the pleadings must be by motion and leave of court.

The date for the filing of all potentially dispositive motions on the issue of liability is **November 15, 2005**.

Upon the completion of the liability phase of this case, parties shall notify this Court of the status of the case to determine whether new deadlines governing the class certification phase need to be established.

**SO ORDERED.**

Dated this 8th Day of June, 2005.

s/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge
